IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| PERSONNEL OPTIONS, INC.; GINNY WALTON; and RHONDA LANSDELL, <br><br> Plaintiffs, <br><br> v. <br><br> THE RESERVES NETWORK, INC., <br><br> Defendant. | 3:10-cv-071-WSD |

**OPINION AND ORDER**

This matter is before the Court on Defendant The Reserves Network, Inc.'s ("TRN" or "Defendant") Notice of Removal [1] and on Plaintiff Personnel Options, Inc.'s ("Plaintiff") Motion to Remand to State Court [12].

**I.   BACKGROUND**

On June 10, 2010, Plaintiffs filed this action in the Superior Court of Spalding County, Georgia, seeking a declaratory judgment that certain non-competition, customer non-solicitation, and non-disclosure provisions contained in the employment agreements between TRN and Plaintiffs Walton and Lansdell are unenforceable under Georgia law.  Plaintiffs also seek injunctive relief and attorney's fees.

On June 14, 2010, TRN removed the action to this court on the basis of diversity jurisdiction.  On June 15, 2010, TRN moved to transfer this case to the United States District Court for the Northern District of Ohio.  TRN argues that on June 3, 2010, it had already filed in Ohio a parallel action involving overlapping issues and that, in accordance with the first-filed rule and because of an Ohio forum-selection clause contained in Plaintiffs Walton's and Lansdell's employment agreements, this action should be transferred to Ohio.

On June 18, 2010, Plaintiffs moved to remand this action back to the Georgia state court.  Plaintiffs argue that this Court lacks subject-matter jurisdiction because TRN failed to establish an amount in controversy in excess of the statutory minimum.

**II.   DISCUSSION**

Federal courts are courts of limited jurisdiction, and thus a federal court must take care to ensure that it has jurisdiction for all cases that come before it. Rembert v. Apfel, 213 F.3d 1331, 1333-34 (11th Cir. 2000).  To that end, a district court must always answer the question of whether it has subject-matter jurisdiction to hear a case.  Id.; Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a

case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises.").

    A.    <u>Removal</u>

28 U.S.C. § 1446 provides the procedure for removal of a state civil action to federal court and provides that a defendant desiring removal shall file in the federal district court a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The district court shall examine the notice promptly, and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4).

    B.    <u>Diversity Jurisdiction</u>

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) Citizens of different States . . . ." 28 U.S.C. § 1332(a). Section 1332 further states that "[f]or the purposes of this section . . . a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." <u>Id.</u> at § 1332(c)(1).

The amount in controversy is determined from the face of the complaint, "unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.'"  Horton v. Liberty Mutual Insurance Company, 367 U.S. 348, 353 (1961).  Where the amount in controversy is not clear from the complaint, the party asserting removal jurisdiction "must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement."  Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).  When a plaintiff makes a timely motion to remand, "the district court has before it only the limited universe of evidence available when the motion to remand is filed – i.e., the notice of removal and accompanying documents."  Lowery v. Alabama Power Co., 483 F.3d 1184, 1213 (11th Cir. 2007).  "If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings."  Id. at 1215.  "The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars."  Id.

The Eleventh Circuit noted that "a removing defendant's counsel is bound by [Federal Rule of Civil Procedure] 11 to file a notice of removal only when counsel can do so in good faith" and that in a case with "only bare pleadings

containing unspecified damages," it is "highly questionable whether a defendant could ever file a notice of removal on diversity grounds . . . without seriously testing the limits of compliance with Rule 11," since the defendant would lack direct knowledge of the value of the plaintiff's claims.  Id. at 1215 n.63.

    C.    Analysis

Plaintiffs argue that because their Complaint does not specify an amount in controversy, Defendants lack any basis to conclude the amount in controversy exceeds $75,000 and thus cannot demonstrate to the Court that diversity jurisdiction is present.  Plaintiff argues that because the removing party bears the burden of proving federal jurisdiction, remand is required.  Williams, 269 F.3d at 1319.

TRN argues that Plaintiffs expressly seek an injunction that would bar TRN from continuing to prosecute the first-filed action in Ohio and that, in that action, TRN asserts that it has been damaged in excess of $75,000.[1]  Plaintiffs argue that, for the purposes of determining whether jurisdiction is present in *this* action, the Court should only consider the face of Plaintiffs' Complaint and not pleadings filed by other parties in other actions asserting different claims.  The Court agrees.

---

[1] TRN submitted, under seal, an affidavit of Nancy Lowe, a Regional Vice-President of TRN, containing information TRN contends amounts to highly-sensitive financial information that supports a finding that Plaintiffs Walton's and Lansdell's conduct damaged TRN in excess of $75,000.

In determining whether the amount in controversy requirement is met for the purposes of diversity jurisdiction, courts measure the value of the litigation from the plaintiff's perspective.  Ericsson GE Mobile Commc ns v. Motorola Commc'ns & Elecs., Inc., 120 F.3d 216, 219 (11th Cir. 1997).  "Where a plaintiff seeks declaratory or injunctive relief . . . the removing defendant must prove that the value of injunctive or declaratory relief for amount in controversy purposes 'is the monetary value of the object of the litigation that would flow to the plaintiff[ ] if the injunction were granted.'"  D & R Party, LLC v. Party Land, Inc., 406 F. Supp. 2d 1382, 1384 (N.D. Ga. 2005) (quoting Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001)).  "The financial loss the defendant may suffer if the noncompetition clauses in the Agreement are declared invalid and the plaintiff is permitted to compete against the defendant is irrelevant."  Id. at 1385.  In this action, Plaintiffs seek a declaration that the restrictive covenants in their employment agreements are not enforceable in Georgia and seek to prevent Defendant from attempting to enforce those covenants.  There are no factual allegations contained in Plaintiffs' Complaint or in Defendant's notice of removal supporting that the value of this relief to the Plaintiffs exceeds $75,000.[2]  In the

---

[2] For instance, Plaintiff Lansdell submitted an affidavit indicating that in her current job, she performs general administrative office tasks and that her compensation is about $10 an hour, substantially less than she earned when

6

absence of such factual allegations, the Court is not permitted to speculate to find the existence of jurisdiction.  Lowery, 483 F.3d at 1213-15.  Plaintiffs' motion for remand is required to be granted.

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Personnel Options, Inc.'s Motion to Remand to State Court [12] is **GRANTED**.  The Clerk of Court is **DIRECTED** to **REMAND** this action to the Superior Court of Spalding County, Georgia.

**SO ORDERED** this 30th day of June, 2010.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

employed by TRN.  (Lansdell Aff. ¶ 13.)  Even under a generous interpretation of these facts, the Court cannot reasonably conclude that the value of the injunction this Plaintiff seeks would meet the jurisdictional minimum.